IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD IBANEZ, on behalf of himself
and others similarly situated,

      Plaintiff,

  v.

ABBOTT LABORATORIES, INC.

      Defendant.

CIVIL ACTION NO. 09-1406

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

Michael DiChiara
DICHIARA LAW FIRM LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
P: 201-746-0303

TerriAnne Benedetto
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
Telephone: (215) 564-2300

Attorneys for Plaintiff

**PRELIMINARY STATEMENT**

Plaintiff submits this Motion for reconsideration concerning this Court's decision on motions for summary judgment that were submitted by both parties. Plaintiff submits that there are four reasons why this Court should grant reconsideration of its order dated November 16, 2011.

First, the Court, in granting summary judgment on the administrative exemption for Defendant, does not identify, and therefore overlooked the lack of, the evidence which supports the conclusion that Plaintiff's *primary duty* -- which is the threshold point that Defendant must establish -- was in any way "directly related to the management or general business operations" of Defendant *and* involved exercising "discretion and independent judgment over matters of significance." Indeed, even Defendant did not characterize Plaintiff's *primary* duty as such, and the Court's decision does not contain any analysis indicating that these elements were established.

Next, the Court did not properly consider the issue of deference to the interpretation of the Department of Labor ("DOL"). Notably, the Court did not address the fact that the Supreme Court has recently confirmed that the *Auer* doctrine is applicable to this action. *See Talk Am, Inc. v. Mich. Bell Tel. Co.*, 131 S.Ct. 2254, 2262-63 (2011) (granting *Auer* deference to SEC's interpretation of regulations in *amicus* brief); *Chase Bank USA v. McCoy*, 131 S. Ct. 871, 880-82 (2011) (same). Here, according to the Supreme Court's controlling precedent, the DOL's interpretations of its regulations, if not inconsistent with the regulations and not plainly erroneous, must be granted deference. The Court's decision contains no analysis of that issue, either, and instead it essentially decides the matter *de novo* and substitutes its judgment for that of DOL.

Third, when assessing the factual record, the Court made improper credibility determinations and adopted Defendant's assertions as indisputable fact while disregarding the substantial evidence Plaintiff submitted (and reasonable inferences drawn therefrom) concerning the administrative exemption. Finally, the Court should have applied the doctrine of non-mutual collateral estoppel because Plaintiff did not take a "wait and see" approach to this action and because there was no finding of the requisite unfairness to the Defendant.

Accordingly, for the reasons set forth below, Plaintiff respectfully submits that this Court should grant his motion for reconsideration.

## ARGUMENT

The FLSA was intended to tackle the twin evils of "overwork" and "underpay." *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 578 (1942). Accordingly, courts "construe FLSA exemptions narrowly against the employer." *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 556 (3rd Cir. 2006) (internal citation omitted)**.** "The burden of proof to establish that its employees come within the scope of an overtime exemption is on the employer." *Id.* Moreover, "if the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden." *Wolfslayer v. Ikon Office Solutions, Inc.,* No. 03-6709, 2004 WL 2536833, at * 3, n. 4 (E.D.Pa. Nov.8, 2004) (quoting *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 900 (3d Cir.1991). *See also Idaho Sheet Metal Works, Inc. v. Wirtz*, 389 U.S. 963 (1966) ("If the record is unclear as to one of the exemptions' requirements, the employer will be held not to have sustained its burden.")

Here, because Defendant did not sustain its burden for the administrative exemption, the Court should grant Plaintiff's motion for reconsideration in its entirety.

A.     **Standard For Reconsideration**

Local Rule 7.1(g) permits motions for reconsideration. E.D. Pa Civ. P. 7.1(g). Such motions are analogous to those brought under Federal Rule of Civil Procedure 59(e) whose purpose is to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985); *see Kennedy Indus, v. Aparo,* Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D.Pa. Jul. 6, 2006). A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). In this action, reconsideration is justified both because new evidence is available, because there was an error of law and fact, and there is manifest injustice to Plaintiff. *See Pegasus Consulting Group v. Administrative Review Bd. of DOL*, 2008 WL 920072 (D.N.J. March 31, 2008) (granting motion for reconsideration when there was an error of law and fact).

B.     **Plaintiff's Primary Duty Is Not Exempt Administrative Work**

To determine if an employee fits into one of the exemptions under the FLSA, courts, as the FLSA and corresponding regulations mandate, must examine whether an employee's *primary duty* falls into one of the narrowly defined exemptions. Controlling Third Circuit precedent confirms this requirement. <u>See Martin v. Cooper Elec. Supply Co.</u>, 940 F.2d 896, 904 (3d Cir. 1991) ("The first-prong of the short test requires that an employee's "*primary* duty" consist of administrative-type work. . . .") (emphasis in original) (citation omitted). "Primary duty" means "the principal, main, major or most important duty that the employee performs." 29 C.F.R. §

541.700 (a).[1]  Notably, both the FLSA and corresponding regulations utilize the language primary *duty* in the *singular*, not *duties* in the *plural*.  Thus, according to appropriate statutory and regulatory interpretation, an employee cannot have more than one primary duty under the FLSA.  The FLSA provides that an employee is exempt from overtime under the "administrative" exemption if: 1) the employee's primary duty is work directly related to management or general business operations of the employer; *and* 2) the employee exercises discretion and independent judgment on matters of significance.  29 C.F.R. § 541.200(a) (emphasis added).

   1.   **The Court Did Not Identify Plaintiff's Primary Duty and Overlooked the Exemption's Second Prong**

In its opinion, the Court does not identify Plaintiff's *primary* duty --which is the threshold requirement for the exemption -- that qualifies as work directly related to management or general business operations of the employer and involves the exercise of discretion and independent judgment on matters of significance.  While the Court referenced *ancillary* or *collateral* activities that Plaintiff "engaged in" and Plaintiff's "ability" to engage in other *non-primary* duties -- the Court's Opinion at pp 5-6 -- Plaintiff respectfully submits that the Court never identified Plaintiff's *primary* duty, much less a primary duty that satisfies the second and third prongs of the administrative exemption.  Rather, the duties that the Court chiefly relied upon such as -- engaging in short and long term business planning and participating in the selection of speakers and attendees for speaker programs -- are all collateral duties.  Courts have held that an employee's collateral duties are not relevant in determining the employee's primary

---

[1]   The DOL's regulations set forth a specific analysis for determining an employee's primary duty.  <u>See</u> 29 C.F.R. §§ 541.700(a)(-(b).  The burden is on the employer to establish, through such an analysis, the employee's primary duty.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269-71 (11th Cir. 2008); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 505 n.6 (6th Cir. 2007); *Demos v. City of Indianapolis*, 302 F.3d 698, 704 (7th Cir. 2002).

duty. *See Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 405-06 (6th Cir. 2004) ("We need not consider whether Schaefer exercises discretion when completing secondary tasks.").

Further undermining the Court's holding that Plaintiff is exempt pursuant to the administrative exemption is the concluding paragraph of the Opinion. *See* Opinion at p. 13. There, the Court notes that Plaintiff "regularly exercised discretion and independent judgment in all aspects of his job." Plaintiff respectfully submits that *regularly* exercising discretion is *not* the equivalent of having a *primary duty* of exercising discretion *and independent judgment over matters of significance*. In addition, the Court concludes that Plaintiff is an administratively exempt employee by referring to the *discretion* prong of the exemption only, but to be exempt pursuant to the administrative exemption, Plaintiff must have a primary duty that qualifies as work directly related to management or general business operations of the employer *and* involves the exercise of discretion and independent judgment on matters of significance. Because the Court did not reference the directly related prong in its conclusion, the Court erred as a matter of law in determining that Plaintiff satisfied the administrative exemption.

> **2. The Evidence Reflects That Plaintiff's Primary Duty Was Not Administrative**

There is no evidence in the record that demonstrates Plaintiff's primary duty as administrative in nature. Plaintiff respectfully submits that the Court overlooked the unambiguous testimony by Defendant's witnesses concerning the administrative exemption. According to *Defendant*, Plaintiff's primary duty was "to visit their healthcare practitioner and present them information about our products and use convincing conversational skills to ask for their commitment to use our products instead of our customers." (*See* Exhibit A[2], deposition transcript of Michael Rancourt, Senior Director of Sales Strategy and Operations, at 76.) *See also*

---

[2] Unless otherwise indicated, all exhibits are annexed to the Declaration of Michael DiChiara, dated March 14, 2011, submitted in support of Plaintiff's Motion for Summary Judgment.

Ex. HH, excerpts from the deposition transcript of Plaintiff Gerald Ibanez, at 56-57; Ex. II, excerpts from the deposition transcript of Jeff Friedman, Regional Manager for Abbott, at 37 ("selling" is the most important thing that reps do). In addition, Rebecca Oudal, Defendant's Manager of Quotas and Initiatives, admitted that Abbott would prefer that its pharmaceutical representatives visit their targeted physicians with the frequency Abbott demanded rather than approach each physician with a nuanced sales pitch. *See* Ex. Y at 98 (prefer frequency over nuanced sales pitch, doctor can read about drug in PDR).

Moreover, other evidence in the record reflects that Plaintiff's promotional presentations --his primary duty-- were controlled by scripts and core messages, and that the targeting and frequency of visits to physicians, as part of that duty, were also controlled by Abbott. *See, e.g..*, Plaintiff's Rule 56.1 Statement of Facts, at 5, 6, 7, 12-13, 17-19, 23, 34, 35, 40-43.

Accordingly, based on the unambiguous testimony of Defendant's witnesses and other evidence in the record, Plaintiff did not engage in a primary duty that was administrative in nature. *Compare Reich v. John Alden Life Ins. Co*., 126 F.3d 1, 14 (1st Cir. 1997) (employees deemed administratively exempt where they "do not use prepared scripts or read from a required verbatim statement, nor do they operate within the contours of a prescribed technique or 'sales pitch.'"). The Court's reliance on Plaintiff's collateral duties (rather than her primary duty) to hold that she is administratively exempt contradicts the regulations and case law, including Third Circuit precedent. *See, e.g., Martin*, 940 F.2d at 904 ("[i]t follows that negotiating product prices from manufacturers is only [an] intermittent, secondary employment responsibility for Cooper's inside salespersons. This does not make them 'administrative' employees within the meaning of" DOL's regulations). Thus, this overlooked evidence and law shows that the Court committed clear error and warrants granting Plaintiff's motion for reconsideration.

**B.     *Auer* Deference Applies To This Action**

Plaintiff respectfully submits that the Court did not apply the correct standard concerning deference to the DOL's interpretation of the administrative exemption and its application to pharmaceutical representatives such as Plaintiff. The Court relies on the Third Circuit's decision in *Smith v. Johnson & Johnson*, 593 F.3d 280 (3d Cir. 2010), and other lower court decisions, in support of its decision to disregard the interpretations in the DOL's *amicus* briefs. *See* Opinion at p. 8. However, one cannot determine from the *Smith* decision if the Third Circuit even considered the deference issue or, if it did, why it chose not to grant deference to the DOL. Absent such a determination, there is no Third Circuit precedent holding that such interpretation is not entitled to deference.

While the Third Circuit's position concerning deference to the DOL's interpretations in its *amicus* briefs on the issue before this Court is essentially unknown, the Supreme Court's position is clear -- *Auer* deference applies to this action if appropriate. Indeed, the Court did not address -- or follow -- recent Supreme Court decisions confirming that the *Auer* doctrine is applicable to these circumstances. *See Talk Am, Inc. v. Mich. Bell Tel. Co.*, 131 S.Ct. 2254, 2262-63 (2011) (granting *Auer* deference to SEC's interpretation of regulations in *amicus* brief); *Chase Bank USA v. McCoy*, 131 S. Ct. 871, 880-82 (2011) (deference is owed to *amicus* positions of agencies). In fact, in *Chase*, the Supreme Court distinguished contrary lower court decisions that declined to afford deference to an agency on the ground that those courts failed to solicit, or have the benefit of, the agency's *amicus* views. *See id.* at 880 n.7 (distinguishing lower court decision that declined to defer to agency interpretation on ground it "did not solicit," or have "benefit" of, agency's *amicus* views). Here, according to the Supreme Court and other precedent of the Third Circuit, the DOL's interpretations of its regulations, if not clearly

erroneous and if not inconsistent with the regulations, should be granted deference not only by this Court, but by every federal court in the country.  *See Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 148 (3d Cir. 2004) (deference is owed to agency's informal interpretations of regulations where appropriate and citing *Auer*).  Thus, if appropriate here --and Plaintiff submits that it is as set forth herein --, it is well-established federal law that the Court must grant deference to the DOL's interpretations of its regulations and opinion letters concerning pharmaceutical representatives such as Plaintiff.  To ignore the DOL's interpretations and apply *de novo* review would be essentially to substitute the Court's judgment for that of the DOL.

        **1.**       **The DOL Has Taken A Position Concerning Abbott's Reps**

The DOL has specifically addressed the application of the administrative exemption to Abbott's pharmaceutical representatives.  In two appeals currently pending before the Seventh Circuit, *Jirak v. Abbott*, No. 11-1980 and *Schaefer-LaRose v. Eli Lilly & Co.*, No. 10-3855, the DOL submitted an amicus brief opining that pharmaceutical representatives for both Abbott and Lilly are non-exempt employees.  *See Schaefer-LaRose v. Eli Lilly & Co.*, 2011 WL 3672010 (DOL *amicus* brief, 7th Cir. filed May 25, 2011) and *amicus* letter submitted by DOL in the *Abbott* appeal on September 6, 2011.  Copies of both the *amicus* brief and *amicus* letter submitted to the Seventh Circuit are attached as exhibits to the Declaration of Michael DiChiara, dated November 30, 2011, submitted in support of Plaintiff's Motion for Reconsideration.  Thus, because the Court did not have the benefit of the DOL's position concerning the application of the administrative exemption to Abbott's pharmaceutical representatives when the factual record was submitted, and because DOL's position is not clearly erroneous or inconsistent with the regulations, this Court should reconsider its decision and grant Plaintiff's motion in its entirety in accordance with DOL's *amicus* interpretation.

### 2. *Gonzales* Does Not Apply Here

In its decision, the Court indicates that it relies in part on *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383 (9th Cir. 2011), which relied on *Gonzales v. Oregon*, 546 U.S. 243 (2006), in deciding not to grant deference to the DOL. *See* Opinion at 8. Plaintiff respectfully submits that the Court's reliance on *Christopher* is misplaced. The *Christopher* court -- in determining that the DOL regulations for the outside sales exemption simply parrot statutory language -- addressed only the outside sales exemption in relying on *Gonzales*. Here, the Court found Plaintiff to be exempt pursuant to the administrative exemption, and there is no decision from any court suggesting that the regulations for the *administrative* exemption merely parrot the statutory language of the FLSA. Thus, the reasoning in *Christopher* and *Gonzales*[3] does not apply to the administrative exemption.

### 3. The DOL's Position Is Entitled to Deference Under Controlling Precedent

The Court also indicated that it declined to grant deference to the DOL because the DOL's interpretation of the regulations amounts to "unfair surprise." *See* Opinion at p. 8. Plaintiff respectfully submits that the law -- set forth in DOL's regulations and opinion letters -- and Abbott's obligation to follow it has never changed.

The DOL has consistently interpreted the "directly related prong" to include those who design a marketing or advertising campaign, but not those, such as Plaintiff, who engage in targeted promotions aimed at specific individuals -- or, in other words, those who develop the core message to be carried to physicians, but not those who merely deliver that message. Employees who help formulate [their] company's general marketing or advertising strategy may qualify as "administrative." DOL Opinion Letter, 1997 DOLWH LEXIS 30 (Sept. 10, 1997).

---

[3] Plaintiff contends that *Gonzales* also does not apply to the DOL's regulations concerning the outside sales exemption (to the extent the Court believes that that exemption is implicated by its decision). *See Jirak v. Abbott*, 716 F. Supp. 2d 740, 746-47 (N.D. Ill. 2010).

Marketing work must be geared to the company's *"overall"* sales campaign in order to be considered "directly related to management policies or general business operations." 1997 DOLWH LEXIS 30, *4-5. The DOL letter explains: "an employee whose primary duty is sales promotion within the meaning of section 541.205(b) *engages in [administratively exempt] marketing activity geared to furthering the company's overall sales effort, and is not engaged in the ordinary day-in-day-out selling activity directed at making specific sales.* Examples of employees engaged in administrative sales promotion work would include those performing public relations or advertising, *those who design and/or organize a company's overall sales campaign, or those who advise management on general sales policy or formulate such policy.*" *Id.* (emphasis added).

In addition, the DOL has long determined that those with the primary duty of Plaintiff here do not exercise discretion and independent judgment over matters of significance. DOL Op. Letter, 1998 DOLWH LEXIS 31, *6-7 (recognizing that the administrative exemption did not apply to employees who "are merely applying their knowledge in following prescribed procedures or determining which procedure to follow or determining what standards are met. This is true even though they may have some leeway in reach a conclusion or performing their work."); DOL Op. Letter, 1997 DOLWH LEXIS 43 at * 9-10 (Sp. 12, 1997) (making decisions within clearly prescribed parameters insufficient); DOL Op. Letter, 1997 DOLWH LEXIS 30 at *6 (a "salesperson" who "is guided by the company's procedures and standards would not be exempt.").

Thus, for the reasons set forth above, the Court should grant Plaintiff's motion for reconsideration.[4]

---

[4] The Court also notes that under Pennsylvania law the "administrative exemption substantially mirrors the FLSA's requirements," Op. at 3, yet then later provides that DOL "did not brief any PMWA issues, and thus the amicus

**C.     The Factual Record**

Plaintiff respectfully submits that the Court made credibility determinations, which is an issue for the jury, in reaching its conclusion that Plaintiff is exempt.  On page 6 n.3 of the Court's opinion, the Court cites to an excerpt from the *Baum* decision where the Baum court was making a credibility determination, and essentially states that it does not believe that Plaintiff was required to deliver memorized messages.  Such credibility determinations are improper at the summary judgment stage.  *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 303 (3d Cir. 1998) ("However, at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder.") (citations omitted).

Moreover, the Court credits Defendant's facts in reaching its conclusions --see Opinion at p. p. 5-6 – yet those facts were disputed, and the Court disregarded the testimony of nineteen (19) Abbott representatives as well as other evidence disputing Defendant's purported facts. Finally, the facts here are different from those in *Smith*.  Here, there is no evidence in the record that Plaintiff described himself as the manager of his own business who could run his own territory as she saw fit – evidence that the Third Circuit found compelling in the *Smith* case and was the springboard for finding her to be exempt. *See Smith*, 593 F.3d at 285.  Nor did Plaintiff here elaborate on the independent and managerial qualities that his position required, nor did he develop strategic plans that required a high level of planning and foresight. *Id.* Thus, none of the evidence the Third Circuit found compelling in *Smith* is present in this action.

---

curiae briefs could not control the disposition of those claims," Op., at 8.  The Court should not decline to grant deference to the DOL because the DOL did not address Pennsylvania law.  The Third Circuit made no distinction between the separate laws in deciding *Baum*, which was Pennsylvania law and *Smith*, which was the FLSA.  Indeed, *Baum* relied entirely on *Smith*.

Accordingly, for the reasons set forth above, the Court should grant Plaintiff's motion for reconsideration.

**D.      Plaintiff Did Not Wait And See and There is No Unfairness to Defendant**

The Court declined to utilize the doctrine of offensive collateral estoppel because it found that Plaintiff took a "wait and see" approach. *See* Opinion at p. 10.  Plaintiff respectfully submits that this is not the case and that the Court overlooked the pertinent sequence of events.  All of the following events took place *prior* to the decision in the *Jirak* matter, which was issued on June 10, 2010.

   1.    Plaintiff filed a complaint in this action on March 3, 2009.

   2.    Defendant removed the complaint to federal court on April 1, 2009.

   3.    The DOL filed its *amicus* brief in *Novartis* on October 13, 2009.

   4.    The DOL filed an amicus brief in the United States Court of Appeals for the Third Circuit in *Parker v. Nutrisystem, Inc*., No. 09-3545 93d Cir. filed Jan. 21, 2010), whereby the DOL opined that FLSA collective actions and Rule 23 class actions are compatible when alleged in the same action.

   5.    Defendant filed an amended motion to dismiss the complaint on April 26, 2010, contending that collective actions and Rule 23 class actions are incompatible when alleged in the same action.

Based on these facts alone, it is evident that Plaintiff did not take a wait and see approach.  Moreover, even though the Court found it compelling that Plaintiff amended his complaint to assert a FLSA claim and estoppel after the *Jirak* decision (Opinion at p. 12 n.12), Plaintiff's action was not based on any sinister motive.  There is no evidence in the record to support such a view, and to hold such a view amounts to pure speculation.  As the movant on

summary judgment, Defendant is required to present evidence of Plaintiff's motivation in including a FLSA claim, which it has not.  *Bradburn Parent Teacher Store, Inc. v. 3M (Minnesota Mining and Manufacturing Company)*, 2005 WL 736629, at *14 (E.D. Pa. Mar. 30, 2005) ("3M, however, has offered no evidence that Bradburn's sole motivation in not joining *LePage's* was the hope of benefitting from the application of collateral estoppel.").  On the contrary, the FLSA claim was added to comply with the DOL's position in the *Parker* amicus because Defendant had filed a motion to dismiss based on the purported incompatibility between FLSA and Rule 23 actions, and because Defendant had removed the case from state court to federal court.  Notably, Defendant did not pursue its motion after Plaintiff amended the complaint.  Moreover, any Plaintiff using his common sense would assert estoppel after another court examined the exact same issues involving the exact same Defendant and issued a decision favorable to his position.

In addition, although the Court recognizes that a finding of unfairness to Defendant is required under Supreme Court and Third Circuit precedent to prevent application of estoppel, the Court fails to find that any of the elements that the Supreme Court has articulated as supporting a showing of unfairness were met here.  *See* Opinion at p. 9 n.8, 11-12.

Thus, the sequence of important events in this action and the lack of any showing of unfairness to Defendant warrants reconsideration of the Court's decision.

**E.     In The Alternative, The Court Should Stay Any Decision Pending SCOTUS Review**

On November 28, 2011, the Supreme Court granted cert in the *Christopher* case to resolve the split between the Second and Ninth Circuits concerning the exempt status of pharmaceutical representatives with respect to the outside salesman exemption.  A copy of the Supreme Court's order is attached to the Declaration of Michael DiChiara, dated November 30,

2011.  Accordingly, to the extent that the Court believes that a decision on that issue might be relevant to the outcome of this case, as Plaintiff contends it will if the Supreme Court finds that *Auer* deference applies, the Court could wait to issue a decision on the instant motion pending a decision by the Supreme Court.

## CONCLUSION

Wherefore, for the reasons set forth above, this Court should grant Plaintiff's motion for reconsideration in its entirety and grant summary judgment in Plaintiff's favor.  In the alternative, the Court should stay a decision on this motion pending the Supreme Court's resolution of the circuit split concerning the exempt status of pharmaceutical representatives.

        DICHIARA LAW FIRM LLC
        Attorneys for Plaintiff

        By:  /s Michael DiChiara_____
            Michael DiChiara
            77 Market Street, Suite 2
            Park Ridge, NJ 07656

Dated: November 30, 2011